State v. Foster

STATE OF NORTH CAROLINA v. LARRY DARNELL FOSTER

No. 7526SC400

(Filed 5 November 1975)

1. Criminal Law § 118— instructions — overemphasis of State's evidence
    The trial judge in an armed robbery case erred in emphasizing the State's evidence and minimizing defendant's evidence where he gave a complete recitation of the testimony of the State's witnesses but referred to the testimony of defendant and his six witnesses only by stating that defendant contended he was elsewhere at the time of the robbery.

2. Criminal Law § 117— instructions — defense witnesses as interested witnesses
    The trial court in an armed robbery case erred in instructing the jury that as a matter of law all of defendant's witnesses were interested witnesses.

**3. Criminal Law § 113— instruction not supported by evidence**

The trial court's statement in its instructions that defendant had said on cross-examination that he had given a detective a "statement implicating himself in this crime of robbery" was unsupported by the evidence and prejudicial to defendant.

ON *certiorari* to review trial before *Falls, Judge.* Judgment entered 13 February 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 September 1975.

Defendant was convicted of armed robbery. The State offered evidence tending to show that about midnight on 4 July 1973, Thomas William Little was at a cafe in Charlotte. As he was leaving the cafe, a person whom Little identified as defendant, was standing near Little's automobile and asked if he could "bum a ride." Little said that he could.

After the two men had ridden for a short distance, defendant, pistol in hand, made it known to Little that he was going to rob him. Little was directed to some off-the-street location where his pockets and wallet were emptied, and defendant fled on foot. Defendant took money, credit cards, a watch and a cigarette lighter from Little.

The State introduced evidence that on 11 July 1973, defendant and another man attempted to make a purchase of clothing from a local store. The man who accompanied defendant presented a Master Charge card issued to Thomas W. Little in tender of payment for the goods. Little had identified the card as being in his wallet on the night of the robbery and one that had been stolen from him.

Defendant offered evidence, through himself and six other witnesses, to the effect that he and a group of friends had been on an outing to Chimney Rock Mountain the afternoon of 4 July 1973. Upon his return to Charlotte, defendant attended a party from about 10:30 p.m. on 4 July to about 3:00 a.m. 5 July. Defendant's evidence further showed that he did not leave the party during this period of time.

Additionally, defendant offered evidence to show that he did not know the credit card was stolen but that he and his brother had been in the store earlier referred to and that his brother had attempted to use the card to pay for the purchase. He initially told police officers he did not know the man he was with in the store in an effort to protect his brother.

State v. Foster

From the imposition of a prison sentence, the defendant gave notice of appeal. Court-appointed counsel failed to perfect the appeal for the defendant, and new counsel was appointed to petition for Writ of Certiorari. We allowed his petition by order dated 20 February 1975.

*Attorney General Edmisten, by Associate Attorney Cynthia Jean Zeliff, for the State.*

*Craighill, Rendleman & Clarkson, P.A., by Hugh B. Campbell, Jr., for defendant appellant.*

VAUGHN, Judge.

All of defendant's assignments of error are directed against the court's charge to the jury. Defendant contends that the judge emphasized the State's evidence and minimized that for defendant, erroneously instructed the jury as a matter of law that all of defendant's witnesses were interested witnesses and made misstatements of material facts not shown in the evidence.

[1, 2] We conclude that defendant's exceptions are we'l taken. The court appears to have given a fairly complete recitation of the testimony of each of the witnesses for the State. About the only reference to the direct testimony of defendant and his six other witnesses was to state that defendant contends he was elsewhere at the time of the robbery. The jury could also fairly conclude from his charge that the judge had determined that all of defendant's witnesses were interested witnesses, a determination not warranted by the record.

The jury was also told that, on cross-examination, defendant had said that he had given a detective "a statement implicating himself in this crime of robbery." This instruction is not supported by any view of the evidence in the record before us. Defendant denied any knowledge or involvement in the robbery. The prejudice inherent in the misstatement that defendant had confessed is apparent. Since there must be a new trial we need not discuss the remaining exceptions to the charge.

New trial.

Judges MORRIS and CLARK concur.